J-S95025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL BLACKWELL | |
| Appellant | No. 283 EDA 2016 |

Appeal from the Judgment of Sentence December 22, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0036731-2014

BEFORE:  STABILE, J., MOULTON, J., and MUSMANNO, J.

JUDGMENT ORDER BY MOULTON, J.:          **FILED MARCH 24, 2017**

Michael Blackwell appeals, *pro se*, from the December 22, 2015 judgment of sentence entered in the Philadelphia County Court of Common Pleas following his conviction for indirect criminal contempt for violating a Protection from Abuse ("PFA") order.[1]  Because the certified record shows that trial counsel has not withdrawn from representation and Blackwell has submitted *pro se* filings, we remand for further proceedings.

On December 22, 2015, following a bench trial, the trial court found Blackwell guilty of the above charge and sentenced him to 6 months' probation.  On January 19, 2016, Blackwell filed a timely *pro se* notice of appeal.  On April 11, 2016, Blackwell filed a *pro se* Pennsylvania Rule of

---

[1] 23 Pa.C.S. § 6114.

Appellate Procedure 1925(b) statement, and the trial court filed a Rule 1925(a) opinion on June 9, 2016.[2]

Blackwell raises nine issues on appeal. However, because we must remand this matter for a **_Grazier_**[3] hearing to determine whether Blackwell wishes to proceed *pro se* or with the assistance of counsel, we cannot address these issues now. The record shows that Blackwell has serially filed *pro se* motions, notices of appeal, and documents with both the trial court and this Court. Further, the certified record does not show that Attorney Smoker, whose appearance on Blackwell's behalf was entered by appointment on October 27, 2015, has been permitted to withdraw from representation.[4] Attorney Smoker thus remains Blackwell's counsel of

_____

[2] When Blackwell initially filed his *pro se* notice of appeal, he listed two criminal docket numbers. Each docket contained a charge of indirect criminal contempt for violating the subject PFA order for incidents that occurred in 2014 and 2015. On February 9, 2016—the same day the trial court issued an order upon Blackwell's counsel, Phillip Smoker, Esquire, to file a Rule 1925(b) statement—Blackwell file a *pro se* praecipe to discontinue his appeal, which this Court granted. A docket entry in his 2014 case, also on February 9, 2016, states "Attorney Relieved" with an "Unknown Filer." Blackwell later sought clarification of this Court's order, stating that he only meant to discontinue his appeal in the 2015 case, as the trial court had dismissed that case for a lack of evidence. This Court then reinstated Blackwell's appeal on March 10, 2016. On March 23, 2016, the trial court issued another Rule 1925(b) order, this time ordering Blackwell himself to file a Rule 1925(b) statement. The record contains neither an order relieving Attorney Smoker nor a petition to withdraw as counsel.

[3] **_Commonwealth v. Grazier_**, 713 A.2d 81 (Pa. 1998).

[4] The discontinuance and reinstatement of Blackwell's appeal, as discussed in note 2, **_supra_**, does not discharge Attorney Smoker as counsel

*(Footnote Continued Next Page)*

record in this appeal. *See* Pa.R.Crim.P. 120(A)(4) ("An attorney who has been retained or appointed by the court shall continue such representation through direct appeal or until granted leave to withdraw by the court").

Despite Attorney Smoker's status as counsel of record, the trial court responded to Blackwell's *pro se* Rule 1925(b) statement. We conclude that the trial court erred in issuing a Rule 1925(a) opinion based on the *pro se* Rule 1925(b) statement, as it allowed hybrid representation, which is generally prohibited. ***See Commonwealth v. Jette***, 23 A.3d 1032, 1038-40 (reiterating "that there is no constitutional right to hybrid representation either at trial or on appeal" and reaffirming that our Supreme Court's "long-standing" ban on hybrid representation is intended to prevent confusion and overburdening of appellate courts).

Accordingly, we remand this case for the trial court to conduct a ***Grazier*** hearing within 30 days of the date of this order to determine whether Blackwell wishes to waive his right to counsel, and, if so, whether such waiver is knowing, intelligent, and voluntary. If Blackwell chooses to proceed *pro se*, and the trial court finds he knowingly, intelligently, and voluntarily waived his right to counsel, the trial court shall inform this Court of the waiver and we will render a decision based upon the current filings.

*(Footnote Continued)* ———————————

of record. This Court reinstated Blackwell's appeal and the trial court, upon learning of this correction of a clerical error, should have instructed Attorney Smoker to file a Rule 1925(b) statement on Blackwell's behalf.

However, should Blackwell choose to be represented by counsel on appeal,[5] be it Attorney Smoker or substituted counsel, then the trial court shall issue an order directing counsel to file a Rule 1925 statement and the trial court shall issue a new Rule 1925(a) opinion within 30 days of receipt of counsel's Rule 1925 statement.

Case remanded with instructions.  Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/24/2017

---

[5] Should Blackwell choose to proceed with counsel, this Court will not entertain his *pro se* filings.  **See** Pa.R.A.P. 3304; **Jette**, 23 A.3d at 1038-40.